*Filed in open Court Dec. 1, 2005*
*MC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> METAL RECOVERY TECHNOLOGIES, INC., formerly known as MALVY TECHNOLOGY, INC., J. STEPHEN SMITH, ROY PEARCE, WILLIAM M. GREENWOOD, and MICHAEL LUCAS, <br><br> Defendants. | CIVIL ACTION <br> NO. 95-690 JJF |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD LEVINE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> METAL RECOVERY TECHNOLOGIES, INC., et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 96-525 |

**ORDER AND FINAL JUDGMENT**

WHEREAS, Plaintiff has moved the Court to approve a settlement of this matter with Defendant Barron Chase Securities, Inc. ("Barron Chase") pursuant to an agreement between them (the "Agreement") and to dismiss the remaining claims in this litigation; and

WHEREAS, the Court previously ordered that Civil Action No. 95-690 (the "First Action") proceed as a class action on behalf of the following class:

> All persons or entities who purchased the common stock of Malvy on the open market between October 7, 1993, and May 24, 1995, inclusive ("Class Period"), with the exception of defendants, their affiliates, members of the families of the individual defendants, any entity in which any of the defendants has a controlling interest, and the legal representatives, heirs, successors or assigns of the foregoing excepted individuals (the "Class" or "Class Members");

WHEREAS, on or about August 19, 2005, following plaintiffs' filing on July 28, 2005 of a motion for an Order Preliminarily Approving the Proposed Settlement and Dismissals, the Court (1) approved the adequacy of the Notice to be sent to members of the Class; and (2) set a date for a hearing on final approval of the Settlement and dismissals; and

WHEREAS, on December 1, 2005, at 2:00 p.m., the Court held a hearing concerning, among other things, whether the Settlement was fair, reasonable, and adequate and in the best interests of the Class and whether the remaining claims in this matter should be dismissed (the "Settlement Hearing"); and

WHEREAS, based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear and be heard at the Settlement Hearing, having considered all of the files, records, and proceedings in the litigation, and being fully advised in the premises,

THE COURT HEREBY FINDS AND CONCLUDES that:

A.  This Court has jurisdiction over the subject matter of this litigation.

B.  The form, content and method of dissemination of the notice given to the Class, including individual notice to all Class Members who could be identified through reasonable effort, was adequate and reasonable and constituted the best notice practicable under the circumstances.

C. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth therein.

D. The settlement set forth in the Agreement is fair, reasonable, adequate and in the best interests of the Class and should be approved.

E. The Representative Plaintiff and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Agreement.

F. The provisions of the Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

G. It would likely be fruitless to pursue the remaining claims in this litigation against Defendants Salter and Turel.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions contained in the Agreement.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for purposes of the proposed settlement only, the Court hereby certifies the claims against Barron Chase in Civil Action No. 96-525 for class action treatment, on behalf of a class consisting of all persons who purchased the securities of Malvy Technology, Inc. on the open market through Barron Chase Securities, Inc. during the period July 15, 1993 through and including May 24, 1995 excluding defendant, its affiliates, principals and owners, any entity in which the defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any of the foregoing excepted persons ("the Barron Chase Settlement Class"). In that regard, the Court finds, but without prejudice

3

to the rights of the non-settling defendants to a <u>de novo</u> hearing on these issues, as follows:

    a.    the Class consists of approximately 100 members and is thus so numerous that joinder of all its members is impracticable;

    b.    there are questions of law and fact common to the Class;

    c.    the claims of the representative plaintiff are typical of the claims of the Class;

    d.    the representative plaintiff will fairly and adequately protect the interests of the Class;

    e.    the common questions of law and fact predominate over questions affecting individual members of the Class; and

    f.    a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3.    The Settlement set forth in the Agreement is fair, reasonable, adequate and in the best interests of the Class, is hereby approved and shall be consummated in accordance with the terms and provisions of the Agreement; and, therefore, these actions shall be dismissed with prejudice as to Barron Chase on the merits.

4.    The Clerk shall enter Judgment forthwith in favor of Plaintiff and the Class and against Barron Chase Securities, Inc. and Robert Kirk in the amount of $200,000.00.

5.    The Judgment for which the above paragraph provides shall be reduced by any amounts collected from or on behalf of Barron Chase and/or Robert Kirk.

6.    This Court hereby dismisses the Complaint and the Amended Complaint on the merits and with prejudice as against all Defendants, and without any further costs, expenses or attorneys'

fees to any settling party as against any other, except as provided in the Agreement.

7. (a) All claims however denominated, regardless of the allegations of fact, law, theories, or the principles on which they are based, including but not limited to claims for fraud, negligence, contribution or indemnity asserted against any defendants, by any other defendant or party to this litigation or by other persons or entities not parties to this litigation, which claims now exist or have accrued or in the future may exist or accrue, and which arise out of the same facts as those underlying the subject matter of this litigation, are hereby dismissed with prejudice and permanently barred and the future filing and prosecution of such claims is enjoined.

(b) All claims, however denominated, regardless of the allegations of fact, law, theories, or the principles on which they are based, including but not limited to claims for fraud, negligence, contribution or indemnity asserted by any defendant against any person or entity whose claims are barred by operation of paragraph 7(a) above, which claims now exist or have accrued or in the future may exist or accrue, and which arise out of the same facts as those underlying the subject matter of this litigation, are hereby dismissed with prejudice, and permanently barred and the future filing of such claims is enjoined.

(c) The Settlement constitutes a full, final and complete discharge, dismissal with prejudice, settlement and release of, and an injunction barring, all claims, rights, demands, actions, causes of action, suits, damages, losses, obligations, matters and issues, whether known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, material or immaterial, which have been, could have been, or in the future can or might be asserted in the Actions or in any court or proceeding (including without limitation, any claims arising under federal or state law relating to alleged fraud, breach of any duty, disclosure

violations, negligence or otherwise) by or on behalf of plaintiff, any class member, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity, which have arisen, arise now, or hereafter arise out of or relate in any manner whatsoever, directly or indirectly, to the allegations, facts, events, transactions, occurrences, acts, representations, misrepresentations, omissions, or any other material cause or thing whatsoever, or any series thereof, involved, embraced, set forth, referenced in or otherwise related in any way, directly or indirectly, to any allegation of fact or law in the actions including, without limitation, all claims for contribution arising out of the actions (collectively, the "settled claims" or "claims") against any of the defendants, their families, parent entities, affiliates, associates or subsidiaries and each of their respective present or former officers, directors, agents, employees, attorneys, representatives, advisors, investment advisors, investment bankers, commercial bankers, financial advisors, trustees, general and limited partners and partnerships, heirs, executors, personal representatives, estates, administrators, predecessors, successors, assigns and any other person or entity acting for or on their behalf (collectively the "Released Parties").

(d) Notwithstanding the foregoing, Mr. Gary Salter is not released hereunder, but all claims asserted against Mr. Salter are hereby dismissed.

8. The releases provided for and agreed to in the Agreement are hereby ordered effective and conclusive as to the parties to the Agreement, and all Settled Claims are permanently barred and the future filing of such claims is enjoined.

9. Class Counsel are hereby awarded the sum of $825,000.00 in attorneys' fees from the Settlement Fund, plus the sum of $37,365.71 as reimbursement of their costs and expenses relating to the litigation and to the administration and consummation of the Settlement.

10. The Court hereby retains and reserves jurisdiction over (a) implementation of this Settlement; (b) disposition of the Settlement Fund under the terms and conditions of the Agreement and Notice; (c) the distribution of the Settlement Fund; and (d) all parties, for the purpose of enforcing and administering the Agreement and this Settlement.

December 1, 2005

_____
The Honorable Joseph J. Farnan JR.
United States District Judge